UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE FERNANDEZ, *on behalf of herself and all others similarly situated*,

                Plaintiffs,

-against-

HUDDLESON LINENS, INC.,

                Defendant.

**ORDER**

24-cv-3793 (ER)

    Jacqueline Fernandez brings this putative class action against Huddleson Linens, Inc. ("Huddleson") for violations of the Americans with Disabilities Act and the New York City Human Rights Law. Doc. 1. The action was filed on May 16, 2024. Doc. 1. On May 17, 2024, an electronic summons was issued, Doc. 4, and Defendant was served on June 20, 2024, Doc. 5. That same day, Mr. Timothy Gledhill filed: (1) an Answer to the Complaint, Doc 8, (2) affirmation of service of the Answer on Plaintiffs, Doc. 6, and (3) a notice of appearance in the case, Doc. 7, apparently purporting to represent Huddleson.[1] Subsequently, Mr. Gledhill was mistakenly listed as a "plaintiff" in the Court's electronic case filing system.

    However, "it is well settled, [] that a corporation may appear in federal court only through an attorney and may not proceed *pro se*. *See, e.g.*, *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8 (2d Cir. 2023); *Hounddog Productions, L.L.C. v. Empire Film Grp., Inc.*, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011). Accordingly, Mr. Gledhill may not enter an appearance on behalf of, or otherwise represent the defendant corporation. Mr. Gledhill is not a party, and again, may not

---

[1] Mr. Gledhill sent the Answer to Rami Salim and Stein Saks, counsel for Plaintiffs, through FedEx overnight shipping.

appear on behalf of Huddleson in any capacity. The Court cautions defendant Huddleson that its failure to have counsel enter an appearance may risk entry of default judgment against it.

Therefore, the Court respectfully directs the Clerk of Court to strike Documents 6 and 8, and to strike Mr. Gledhill from the ECF docket.

SO ORDERED.

Dated: July 1, 2024
       New York, New York

_____
Edgardo Ramos, U.S.D.J.